[Department One. — March 7, 1883.]

JAMES W. HULME AND JAMES H. WALLACE, PETITIONERS, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, AND CHARLES HALSEY, JUDGE, ETC., RESPONDENTS.

CERTIORARI — JURISDICTION — INSOLVENCY — ESTOPPEL. — The petitioner Hulme as receiver of the estate of an insolvent debtor took into his possession certain property then in the possession of Wise and Denigen, claiming it as a part of the estate of the insolvent. Wise and Denigen consented, and it was ordered that the property might remain in the possession of the receiver, specially reserving all rights. Subsequently the court ordered the property sold because of a perishable nature. Upon an order directed to the receiver to show cause why the property should not be restored, the court ordered that the property or its proceeds be returned and delivered to Wise & Denigen. Petitioners prayed for a writ of review alleging that the court exceeded its jurisdiction. *Held*, (1) that the court had *jurisdiction* to order its restoration; (2) that the consent of Wise & Denigen did not estop them from asserting their rights as they were specially reserved when consent was given.

PETITION for writ of review.

*Eyre & Frank*, for Petitioners, cited *In re Marter*, 11 Nat. Bky. Reg. 185; *Smith* v. *Mason*, 14 Wall. 419; *Marshall* v. *Knox*, 16 Wall. 551; *Eyster* v. *Gaff*, 91 U. S. 525; *Hartman* v. *Olvera*, 51 Cal. 503; *Larrabee* v. *Selby*, 52 Cal. 508.

*A. D. Splivalo*, for Respondents, cited High on Receivers, §§ 139, 149, 192; *Riggs* v. *Whitney*, 15 Abb. Pr. 388; *Brooks* v. *Greathed*, 1 Jacob & W. 176; *Skinner* v. *Maxwell*, 68 N. C. 400; *Smith* v. *Mason*, 14 Wall. 419; *Marshall* v. *Knox*, 16 Wall. 551.

PER CURIAM.—Even if, without previous order of court, but with the consent of the parties defendant to the litigation, a receiver may take possession of property in their hands, such consent cannot be appealed to as authorizing him to take property out of the possession of a third person claiming title thereto.

The sworn petition of Wise for a return of the property alleged that he and his partners were owners of and had actual possession of the personal property described therein when the same was taken out of their possession without right by the receiver Wallace. In his counter-affidavit Wallace denied that Wise or his partner ever had possession of the property, and averred the same was in possession of the insolvent, and was taken from him. Upon the cross-affidavits the Superior Court ordered that the receiver forthwith return and deliver to Wise & Denigen the property, describing it.

The court had *jurisdiction* to order its restoration. If the receiver without previous order of the court took the property out of Wise's adverse possession, under such circumstances as that the court would have denied an application of the receiver (made prior to the actual taking) for leave to take possession, the court was certainly authorized to direct a return of the property.

The rights of the parties were in no way affected by the consent order of August 13th. That order, by its express terms, reserved all the rights of Wise, and there is no principle of *estoppel* which could prevent him from subsequently asserting them.

Proceeding dismissed.