[Civ. No. 10640.   First Appellate District, Division Two.—November 23, 1938.]

GLADYS E. LUCKENBACH, Appellant, v. LEWIS LUCK-ENBACH, Respondent.

Rogers & Clark for Appellant.

Phillip Barnett for Respondent.

STURTEVANT, J.—From an order directing a receiver to release certain items of personal property held by him the plaintiff has appealed and has brought up a typewritten record.

An understanding of the question presented involves the following facts: The plaintiff and the defendant intermarried in July, 1935, and separated in August, 1936. For a while they lived in the city of New York and then removed to California. They established a home at 2120 Waverly Street, Palo Alto. After the separation the plaintiff commenced an action to obtain a judgment of separate maintenance in behalf of herself and her minor child. In the Palo Alto home were numerous items of personal property. Some were conceded to be community property of Mr. and Mrs. Luckenbach. Other items were conceded to be the separate property of

Mr. Luckenbach. Still other items were conceded to be the property of Susan V. Luckenbach, an incompetent person of whose estate Mr. Luckenbach was the duly appointed, qualified and acting guardian. As to a large number of other items Mr. Luckenbach contended that they were the property of Susan V. Luckenbach, but his wife controverted such claim as to each piece. At the time that Mrs. Luckenbach commenced the said proceeding for separate maintenance she took such proceedings that David F. Supple was appointed receiver.to take and hold subject to the further orders of the court the said items of personal property so contained in the Palo Alto home. Mr. Supple duly qualified and ever since has been acting as said receiver. The action for separate maintenance was brought on for trial and judgment was rendered in said action in favor of Mrs. Luckenbach. Still later, on February 23, 1937, Mr. Luckenbach served a notice on the plaintiff that he would apply to the court for an order instructing David F. Supple, as receiver, to release to the defendant certain property held by the receiver. Thereafter he also filed a complaint in intervention asking the same relief. Mrs. Luckenbach appeared and answered said complaint. David F. Supple, as said receiver, also appeared and answered said complaint. On June 29, 1937, the hearing of said motion, and the issues made by the complaint in intervention and the answers thereto, came on for hearing before the trial court. After hearing the parties and receiving certain evidence the trial court made an order granting the motion. It made no order on the issues presented by the complaint in intervention and the answers thereto, but for that omission no error is assigned. From the order granting said motion the plaintiff has appealed.

As to any questions involving the pleadings in intervention nothing need be said because no ruling was made thereon and the appeal presents no question involving those pleadings. As to the ruling on the defendant's motion the question is not an open one in this state. It has been directly ruled in favor of the defendant. (*Hulme* v. *Superior Court,* 63 Cal. 239; see, also, 53 C. J. 122 "Receivers", sec. 148.)

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.